# EXHIBIT A

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

Daphne Zweifel                                  Case Number: _____ 2023-CAB-004535 _____

vs

Microsoft Corporation, Dan Coleman,            Date: July 25, 2023 _____
Heidi Kobylski, and Sameh Abouissa
                                               ☐ One of the defendants is being sued
                                                  in their official capacity.

| Name: *(Please Print)* R. Scott Oswald; Anita Mazumdar Chambers | Relationship to Lawsuit |
|---|---|
| Firm Name: The Employment Law Group | ☒ Attorney for Plaintiff |
| Telephone No.: 202-261-2821 | Six digit Unified Bar No.: RSO: 458859; AMC: 1046845 | ☐ Self (Pro Se) |
| | ☐ Other: _____ |

TYPE OF CASE:  ☐ Non-Jury       ☒ 6 Person Jury       ☐ 12 Person Jury

Demand: $ _____       Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____   Judge: _____   Calendar #:_____

Case No.:_____   Judge: _____   Calendar#:_____

---

NATURE OF SUIT:     *(Check One Box Only)*

**A. CONTRACTS**                          **COLLECTION CASES**

| | |
|---|---|
| ☐ 01 Breach of Contract | ☐ 14 Under $25,000 Pltf. Grants Consent  ☐ 16 Under $25,000 Consent Denied |
| ☐ 02 Breach of Warranty | ☐ 17 OVER $25,000 Pltf. Grants Consent  ☐ 18 OVER $25,000 Consent Denied |
| ☐ 06 Negotiable Instrument | ☐ 27 Insurance/Subrogation  ☐ 26 Insurance/Subrogation |
| ☐ 07 Personal Property |       Over $25,000 Pltf. Grants Consent       Over $25,000 Consent Denied |
| ☒ 13 Employment Discrimination | ☐ 07 Insurance/Subrogation  ☐ 34 Insurance/Subrogation |
| ☐ 15 Special Education Fees |       Under $25,000 Pltf. Grants Consent       Under $25,000 Consent Denied |
| | ☐ 28 Motion to Confirm Arbitration       Award (Collection Cases Only) |

**B. PROPERTY TORTS**

| | | |
|---|---|---|
| ☐ 01 Automobile | ☐ 03 Destruction of Private Property | ☐ 05 Trespass |
| ☐ 02 Conversion | ☐ 04 Property Damage | |
| ☐ 07 Shoplifting, D.C. Code § 27-102 (a) | | |

**C. PERSONAL TORTS**

| | | |
|---|---|---|
| ☐ 01 Abuse of Process | ☐ 10 Invasion of Privacy | ☐ 17 Personal Injury- (Not Automobile, Not Malpractice) |
| ☐ 02 Alienation of Affection | ☐ 11 Libel and Slander | ☐ 18 Wrongful Death (Not Malpractice) |
| ☐ 03 Assault and Battery | ☐ 12 Malicious Interference | ☐ 19 Wrongful Eviction |
| ☐ 04 Automobile- Personal Injury | ☐ 13 Malicious Prosecution | ☐ 20 Friendly Suit |
| ☐ 05 Deceit (Misrepresentation) | ☐ 14 Malpractice Legal | ☐ 21 Asbestos |
| ☐ 06 False Accusation | ☐ 15 Malpractice Medical (Including Wrongful Death) | ☐ 22 Toxic/Mass Torts |
| ☐ 07 False Arrest | ☐ 16 Negligence- (Not Automobile, Not Malpractice) | ☐ 23 Tobacco |
| ☐ 08 Fraud | | ☐ 24 Lead Paint |

SEE REVERSE SIDE AND CHECK HERE          IF USED

# Information Sheet, Continued

## C. OTHERS

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants
   (DC Code § 11-941)
- ☐ 10  Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment

- ☐ 17 Merit Personnel Act (OEA)
   (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability

- ☐ 24 Application to Confirm, Modify,
   Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

## II.

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
   Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
   Judgment [ D.C. Code §
   2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code §
   42-3301, et seq.)

- ☐ 21 Petition for Subpoena
   [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1)
   (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

## D.  REAL PROPERTY

- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)

- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

/s/ Anita M. Chambers

July 25, 2023

_____

Attorney's Signature

_____

Date

eFiled
07/25/2023 12:28:41 PM
Superior Court
of the District of Columbia

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

| | |
|---|---|
| **DAPHNE ZWEIFEL,** )<br>**1538 44th Street, NW** )<br>**Washington, DC 20007,** )<br> )<br> *Plaintiff,* )<br> )<br> v. )<br> )<br>**MICROSOFT CORPORATION,** )<br>**1 Microsoft Way** )<br>**Redmond, WA 98052,** )<br> )<br>  **Serve:** )<br> )<br>  **CORPORATION SERVICE CO.,** )<br>  **1090 Vermont Ave., NW** )<br>  **Washington, DC 20005,** )<br> )<br>**DAN COLEMAN,** )<br>Serve: 19907 Thacker Dr. )<br>  **Boonsboro, MD 21713** )<br> )<br>**HEIDI KOBYLSKI,** )<br>Serve: 3724 Championship Dr. )<br>  **Glenwood, MD 21738** )<br> )<br>**and** )<br> )<br>**SAMEH ABOUISSA,** )<br>Serve: 24891 Dahlia Manor Place )<br>  **Aldie, VA 20105** )<br> )<br> *Defendants.* )<br> ) | Case No.  2023-CAB-004535 |

## CIVIL COMPLAINT FOR EQUITABLE
## AND MONETARY RELIEF AND DEMAND FOR JURY

Plaintiff Daphne Zweifel files this Civil Complaint and Jury Demand against Defendants

Microsoft Corporation, Dan Coleman, and Heidi Kobylski, jointly and severally, for unlawful

discrimination, harassment, and retaliation in violation of the District of Columbia Human Rights Act ("DCHRA"), D.C. Code §§ 2-1401 *et seq*. and against Defendant Sameh Abouissa for common law defamation, resulting in the wrongful termination of Zweifel.

## JURISDICTION AND VENUE

1.      This Court has personal jurisdiction over Defendants because they transact regular business and have regular contacts in the District of Columbia.

2.      This Court has subject matter jurisdiction because this action arises under the DCHRA, D.C. Code §§ 2-1401 *et seq*. and the common law of the District of Columbia.

3.      Venue is proper in this Court because it is the judicial district where the unlawful actions occurred, where the effects of the unlawful actions were felt by Zweifel, and the location of Zweifel's employment.

## PARTIES

4.      Zweifel resides in Washington, D.C. and worked for Microsoft from on or about July 27, 2020, to March 2, 2023.

5.      Defendant Microsoft Corporation is incorporated in the state of Washington and headquartered in Redmond, Washington. It has an office located at 901 K St. NW, 5th and 11th floors, Washington, DC 20001, where it employs more than 15 employees and transacts business in Washington, D.C.

6.      Defendant Dan Coleman resides in Boonsboro, Maryland and currently works for Microsoft in support of Microsoft's federal customers in Washington, DC.

7.      Defendant Heidi Kobylski resides in Glenwood, Maryland and currently works for Microsoft in support of Microsoft's federal customers in Washington, DC.

8.      Defendant Sam Abouissa resides in Aldie, Virginia and currently works for

Microsoft in support of Microsoft's federal customers in Washington, DC.

## FACTUAL ALLEGATIONS

9.      Zweifel is a female and began working for Microsoft as a Strategic Account Executive/Account Director on or about July 27, 2020.

10.     Zweifel worked in Washington, DC and solely on Microsoft's strategic account with the United States Department of State ("State Department"), which is headquartered in Washington, DC.

11.     Zweifel's first-line supervisor and hiring manager was Melissa McGriff, federal civilian senior director, when she first started with Microsoft, and Zweifel's second line supervisor was Heidi Kobylski, federal civilian general manager and partner.

12.     In her role as a strategic account executive/director level (L65) for the State Department, Zweifel was responsible for leading the Microsoft sales and support teams and for being the engagement lead of the State Department C-Suite, in support of over $200 million in annual revenue.

13.     While Zweifel worked with between 40 and 60 Microsoft employees on a daily basis in addition to collaborating with product managers, Microsoft executives, partner development managers, business desk personnel, and more from across the corporation to meet the needs of the State Department, Zweifel had no managerial oversight of any employees.

14.     When Zweifel first began her employment with Microsoft, the relationship with the State Department was in disrepair, as her role had been vacated for months. Zweifel's role as Strategic Account Executive was preceded by three males.

15.     Zweifel performed well in her role, and due to Zweifel's work on the contract, she repaired the relationship with the State Department and built new business and customer respect

3

for Microsoft.

16.     On or around June 30, 2021, Kobylski sent Zweifel a gift card for Zweifel's work on the State Department contract and turning around the customer relationship. In or around October 2021, McGriff acknowledged Zweifel on a Federal Civilian review, as the one who turned around the relationship with the State Department.

17.     In or around September 2021, Zweifel earned her full Annual Commitment Based Incentive ("CBI") totaling $53,000, inclusive of stock awards.

18.     On or around November 30, 2021, McGriff left Microsoft, and Kobylski temporarily oversaw Zweifel.

19.     On or around February 15, 2022, Microsoft promoted Dan Coleman, a male from outside the federal civilian organization, to federal civilian sales director. In this capacity, he was Zweifel's first line supervisor.

20.     On or around February 23, 2022, Kobylski issued Zweifel a letter of reprimand and an out of sequence performance review related to an unsubstantiated complaint submitted against Zweifel on or about December 2021, accusing her of unprofessionalism, disrespect, and non-inclusive actions towards colleagues. Kobylski repeatedly told Zweifel to not worry about the letter, stating that it was a mere "slap on the wrist." She also informed Zweifel that the complainant had been reprimanded.

21.     Zweifel had not treated her colleagues in a different manner than her similarly situated male colleagues had treated each other; however, Microsoft criticized Zweifel for her professionalism even though her behaviors, level of respect, and actions were no different than her male colleagues' behaviors, level of respect, and actions. In fact, Zweifel had been commended repeatedly by seasoned team members, in writing, for being the best account

4

executive they had experienced at the State Department and a role model. Others asked her to share her approach with other account executives.

22.     In or around April 2022, Zweifel, Coleman, and eight other men were named for a final review hiring panel for an account technology strategist ("ATS") position that would work closely with Zweifel on the State Department contract.

23.     Coleman submitted four male candidates whom he claimed he believed would be best for the position.

24.     Zweifel did not recommend hiring a male candidate named Sergio Re because his past experience was not an appropriate fit for the position, based on her intimate knowledge of what was best for Microsoft and the State Department and based on Microsoft culture and her role of putting customer needs first. In response, Coleman repeatedly expressed frustration with Zweifel for months for not agreeing to hire Re, with whom she later learned Coleman had a close relationship. Coleman also singled Zweifel out as the "only one" who did not vote in favor of Re, dismissing the fact that Zweifel had the most current and intimate working knowledge of the State Department account and what was necessary for the ATS to be successful.

25.     Coleman managed approximately 13 account executives and ATS employees, and 6 of the 13 employees were female. All were existing team members when Coleman started at Microsoft.

26.     After the April 2022 hiring panel, Coleman began talking down to Zweifel and refusing to respond to Zweifel on account matters, treating her in a dismissive and hostile manner because of her sex. Coleman did not treat Zweifel's similarly situated male colleagues in the same manner. Members of Zweifel's team began to notice the additional scrutiny and hostility towards her by Coleman and later joined by Kobylski. Zweifel felt alienated and

undermined in her role as the account lead.

27.     Coleman also stopped scheduling his regular (weekly) one-on-one meetings with Zweifel soon after the April 2022 hiring panel, although Coleman continued to meet with his similarly situated male direct reports.

28.     On or around May 13, 2022, Coleman declared to Zweifel that she allegedly "had a tone when speaking" with a male peers of Coleman's, and he falsely accused her of being combative, while he and that same male peer of Coleman's repeatedly shamed Zweifel on a Microsoft Teams chat.

29.     On or around May 20, 2022, the State Department's deputy chief information officer emailed Coleman regarding Zweifel, declaring, "Daphne Zweifel is the most effective Account Executive I've had the pleasure of working with," and citing her skills of engaging her team.

30.     Zweifel had also received commendations from Satya Nadella, CEO for Microsoft, for Zweifel's leadership in the Fall 2021 Afghanistan evacuation crisis, after which Zweifel served as the State Department account leader on a Microsoft Production. For that crisis, Zweifel was also commended by the State Department Executive Secretary for helping save lives.

31.     Microsoft issued Zweifel multiple FY22 Q3 and Q4 Civilian Honor Awards, Win Awards, and team member kudos for Zweifel's work with the State Department and the team to drive significant success for Microsoft and the State Department, and again in FY23 Q1. Zweifel also received overwhelming positive feedback and comments from her colleagues within Microsoft on her work via more than 28 perspectives and numerous other accolades from customers and partners, but Coleman continued to be dismissive towards Zweifel and refused to

acknowledge these official and unofficial Microsoft feedback forums and indicators of solid leadership performance.

32.     On or around June 1, 2022, Coleman issued Zweifel her February 2022 through May 2022 performance review called a Connect. In the Connect, Coleman wrote that Zweifel was "combative and confrontational" and filled the Connect with unwarranted negative feedback. Coleman dismissed her significant achievements and team building, and he marked Zweifel "Insufficient Results," without prior discussion or notice of deficiency warranting such a rating. Following his review, Coleman failed to discuss its contents or provided understanding of his points with Zweifel.

33.     Coleman did not acknowledge Zweifel's numerous accomplishments for the 2022 fiscal year in her May 2022 Connect, including but not limited to Zweifel achieving over $1 million per month for Azure Consumption and over $40 million in net new sales. He and Kobylski, however, reminded Zweifel that Connects were used by hiring managers in determining other positions at Microsoft, so a poor Connect could result in not being selected for another position at the company.

34.     On or around July 7, 2022, Zweifel complained to Jennifer Richardson, human resources coordinator, regarding the unfair treatment she received by Coleman and Kobylski. Zweifel explained that she was trying to build a relationship with Coleman, but was increasingly noticing the worsening of his dismissive and hostile behavior.

35.     On or around August 23, 2022, Coleman drastically reduced Zweifel's FY22 annual CBI, which should have been approximately $85,000-95,000, per Microsoft CEO's announced increase, to a mere $9,600 with no stock awards. Coleman also awarded Zweifel a minimal merit increase, well below the FY22 targeted pool. Zweifel also expressed concern and

a desire to understand the reason for the reduced CBI to Kobylski, but Kobylski did not respond.

36.    Upon information and belief, Coleman did not reduce the CBI for any of his male subordinates.

37.    In or around September 2022, Zweifel and another female account executive who reported to Coleman attempted to meet jointly with Coleman to report issues and complaints that Zweifel and her female colleague raised about Sameh "Sam" Abouissa and another male ATS employee (both of whom also report to Coleman). However, Coleman declined to meet with Zweifel and her female colleague, and instead Coleman met directly and jointly with Abouissa and the other male ATS employee.

38.    In or around October 2022, Richardson escalated Zweifel's July 7, 2022 complaint against Coleman and Kobylski to Camille Woods in Microsoft's workplace investigations team ("WIT"). Zweifel reported to Woods about multiple instances of discriminatory behavior by Coleman including Coleman unfairly reducing Zweifel's CBI, the May 2022 Connect, and his dismissive behavior towards her.

39.    On or around November 3, 2022, Zweifel attended Microsoft's Cloud Partner Event. During this event, Abouissa followed Zweifel around and attempted to physically intimidate her by approaching her from behind and directing his cellphone at Zweifel while she met with partners. In response, Zweifel said to Abouissa, "are you recording me, Sam?" but Abouissa did not respond. Earlier, at the same event, Abouissa became argumentative and shouted at Zweifel and a colleague, resulting in Zweifel and the colleague leaving the conversation.

40.    On or around November 28, 2022, Abouissa behaved erratically and shouted at Zweifel during a call. Minutes later, Zweifel complained to Coleman about Abouissa's behavior

on their earlier call. Coleman responded that he would call Zweifel to discuss her complaint, but Coleman never followed up with Zweifel regarding this issue.

41.     On or around November 29, 2022, Coleman informed Zweifel that Abouissa had accused her of "snatching Abouissa's phone out of his hands" during the November 3, 2022 event. Coleman also cited sudden new complaints about Zweifel by two of Coleman's other male reports and close colleagues, but Coleman did not specify the nature of the complaints and did not seek to understand Zweifel's own experience with these men (all of whom were close peers with Coleman). Zweifel responded to these allegations, but Coleman was dismissive of Zweifel and sided with the male employees.

42.     That same day, Zweifel reached out to Pedro Fuentes, Azure sales director, who witnessed the entire interaction between Abouissa and Zweifel at the November 3, 2022 event. Fuentes agreed with Zweifel that she did not snatch Abouissa's phone out of his hand, that she did not touch Abouissa, and that the only thing Zweifel did during this interaction was step back and lean over to ask Abouissa, "are you recording me, Sam?" Zweifel then emailed Coleman to confirm that Abouissa's characterization of their interaction was incorrect and that Fuentes could corroborate Zweifel in his next meeting with Coleman the same week.

43.     On or around November 29, 2022, Coleman rated Zweifel's performance insufficient again for her June 2022 through October 2022 Connect despite Zweifel achieving 137% of her quota and filled the Connect with unwarranted negative feedback again.

44.     About two weeks earlier, WIT informed Zweifel that Coleman had been indirectly made aware of her complaint against him. Zweifel expressed concern to WIT for the timing of his sudden attacks as retaliation for her gender-based complaint.

45.     Coleman continued to be dismissive towards Zweifel and criticizing her for no

other reason than her sex and in retaliation for her complaint that he knew she opened against him.

46.     On or around December 7, 2022, Zweifel sent an email to Coleman in which she reported that Coleman was unlawfully discriminating against her based on her sex. In that email, Zweifel also described her experiences with the three male colleagues who Coleman said complained about her, in an effort to share her experience and be heard by Coleman. Coleman did not respond. Zweifel forwarded this email to Woods on or around December 7, 2022, and to Kobylski on or around December 12, 2022. Kobylski reprimanded Zweifel for her December 7, 2022, email, and she chastised Zweifel for mentioning the three male colleagues.

47.     Coleman never responded to Zweifel's December 7, 2022, email. However, Kobylski began to send Zweifel harassing emails and attempted to schedule several one-on-one meetings with Zweifel. Kobylski repeatedly told Zweifel that she needed to work on her soft skills and suggested that Zweifel write thank you notes to her colleagues, never once providing Zweifel with insight into what behavior was at issue.

48.     Kobylski and Coleman's behavior made Zweifel feel extremely stressed, anxious, and depressed, prompting Zweifel to seek medical treatment.

49.      Zweifel responded to Kobylski's behavior and demands to meet with Zweifel, by requesting that an HR representative facilitate a future meeting between Zweifel and Kobylski. However, Kobylski refused this request, choosing instead to berate Zweifel repeatedly during one-on-one meetings and following their meetings with emails sent late in the evening that reprimanded Zweifel and misrepresented Zweifel's attempts to respond to Kobylski. This increasingly worsened Zweifel's mental health and wellbeing.

50.     Zweifel continued to email Woods regarding Coleman and Kobylski's

discriminatory and retaliatory behavior to keep Woods' WIT investigation updated.

51.     On or about December 16, 2022, Zweifel filed a concern with HR about Abouissa's repeated aggressive behavior towards her, which included a history of abrasive language and disruptive behavior leading up to their call on November 28, 2022, and his disconcerting physical behavior towards Zweifel during the Partner event on November 3, 2022. Coleman had previously dismissed Abouissa's behavior and now informed Zweifel that he would still not assist, despite Abouissa being his direct report. Zweifel was repeatedly assured by WIT and HR that WIT would reach out to interview her and gather her evidence, but WIT never contacted Zweifel about her registered concern. She was therefore unable to provide the details and evidence of her concern about Abouissa.

52.     In or around January 2023 and February 2023, Zweifel learned that several Microsoft employees, including Abouissa and Jake Cocchiarella (Coleman's direct and indirect male reports, respectively, and close colleagues), filed complaints against her, which had been encouraged by Coleman on or about November 28-30, 2022. Coleman (verbally and in writing) and Kobylski admitted to Zweifel that they had instructed Zweifel's team members and other employees, including Abouissa and Cocchiarella, to file complaints against Zweifel so that Microsoft would investigate her.

53.     Thereafter, Zweifel informed Brandon Bost in HR, Ashlei Ferguson in WIT, and Camille Woods in WIT, that she believed these new complaints were retaliation for her complaints about Coleman and Kobylski as well as her December 7, 2022, email to Coleman in which she reported sex discrimination.

54.     During the course of the investigations, Zweifel reported to Bost that Cocchiarella had previously made derogatory comments about Zweifel's "Lebanese blood" when describing

her leadership style approximately two weeks after joining Zweifel's team as a part time junior
Azure Specialist.  Cocchiarella's comments were made in writing in Microsoft Teams messages.
Bost then referred Cocchiarella's comments to WIT, as he indicated to Zweifel that he was
compelled to do so given the nature of Cocchiarella's comments. However, WIT never called
Zweifel to follow up on Cocchiarella's comments.

55.     In Abouissa's complaint against Zweifel, he falsely accused Zweifel of calling
him a "fucking Egyptian" in Arabic and forcefully grabbing Abouissa's arm during the
November 3, 2022 event.

56.     On or around February 2, 2023, Ashlei Ferguson, WIT investigator, informed
Zweifel that she was investigating Abouissa's complaint. This was the first time Zweifel had
ever heard of the nature of Abouissa's accusations. Zweifel immediately denied that she called
Abouissa a "fucking Egyptian" in Arabic and confirmed that she does not know how to say that
phrase in Arabic. Zweifel also told Ferguson that she would never shame a person for being Arab
American, as she is also of Arab ethnicity. In addition, Zweifel named Fuentes as an eyewitness
who could confirm that the only thing Zweifel said to Abouissa was "are you recording me,
Sam?" and that Zweifel did not touch Abouissa during the November 3, 2022 event.

57.     On or around February 27, 2023, Woods informed Zweifel that Woods completed
her investigation into Coleman, Kobylski, and Cocchiarella's conduct. However, Woods stated
that she did not find that Coleman and Kobylski engaged in any discriminatory or retaliatory
behavior. Woods also informed Zweifel that Woods did not find that Cocchiarella discriminated
against Zweifel for being Lebanese. Zweifel informed Woods that she disagreed with Woods'
findings.

58.     On or around March 2, 2023, Candice Ling, Federal Government Civilian Vice

12

President (Kobylski's manager), Ashlei Ferguson (WIT), Kim Blakeley (HR), and Brandon Bost (HR) held a meeting with Zweifel to discuss Abouissa and Cocchiarella's individual complaints. During this meeting, Bost announced that Zweifel had not been found to have violated any Microsoft values as it pertained to Cocchiarella's complaint against Zweifel and that there was no violation by Cocchiarella for his comments about Zweifel's "Lebanese blood." Ferguson and Ling informed Zweifel that she was being terminated effective March 2, 2023, because of Abouissa's complaint against Zweifel and allegedly violating Microsoft's anti-harassment and anti-discrimination policy. Ferguson and Ling claimed that Microsoft took Abouissa at his word that Zweifel had grabbed his arm and swore at him in Arabic; Zweifel denied this accusation and reminded Microsoft that it never followed up with her about her concern against Abouissa.

59.     Zweifel has suffered significant economic damages and mental anguish as the result of Defendants' illegal actions, and she will continue to sustain damages into the foreseeable future.

## COUNT I
### D.C. Human Rights Act
### D.C. Code § 2-1401 *et seq.*
### Discrimination Based on Sex
*Against Defendants Microsoft, Coleman, and Kobylski, Jointly and Severally*

60.     Zweifel incorporates the allegations in the foregoing paragraphs.

61.     Zweifel is an "employee" as defined in D.C. Code § 2-1401.02(9).

62.     Defendants Microsoft, Coleman, and Kobylski are each an "employer" as defined in D.C. Code § 2-1401.02(10).

63.     Zweifel is female, and therefore Zweifel is a member of a protected class under the DCHRA.

64.    Defendants Microsoft, Coleman, and Kobylski violated D.C. Code § 2-1401 *et seq.*, by unlawfully discriminating against Zweifel based on her sex.

65.    Zweifel has suffered adverse employment actions as a result of Defendants Microsoft, Coleman, and Kobylski's unlawful discrimination.

66.    Defendants Microsoft, Coleman, and Kobylski's actions raise an inference of discrimination, as they did not subject similarly situated male employees to the same treatment.

67.    Defendants Microsoft, Coleman, and Kobylski's stated and forthcoming reasons for their adverse employment actions against Zweifel are pretext for unlawful discrimination.

68.    Zweifel suffered damages because of Defendants Microsoft, Coleman, and Kobylski's unlawful discrimination of Zweifel.

**COUNT II**
**D.C. Human Rights Act**
**D.C. Code § 2-1401 *et seq.***
**Harassment (Non-Sexual) Based on Sex**
***Against Defendants Microsoft, Coleman, and Kobylski, Jointly and Severally***

69.    Zweifel incorporates the allegations in the foregoing paragraphs.

70.    Zweifel is an "employee" as defined in D.C. Code § 2-1401.02(9).

71.    Defendants Microsoft, Coleman, and Kobylski are each an "employer" as defined in D.C. Code § 2-1401.02(10).

72.    Zweifel is female, and therefore Zweifel is a member of a protected class under the DCHRA.

73.    Defendants Microsoft, Coleman, and Kobylski violated D.C. Code § 2-1401 *et seq.*, by harassing Zweifel based on her sex.

74.    Defendants Microsoft, Coleman, and Kobylski engaged in conduct that unreasonably altered Zweifel's terms, conditions, or privileges of employment.

14

75.     Defendants Microsoft, Coleman, and Kobylski engaged in conduct that had the purpose or effect of creating an intimidating, hostile, or offensive work environment.

76.     Zweifel has suffered damages because of Defendants Microsoft, Coleman, and Kobylski's unlawful actions.

## COUNT III
### D.C. Human Rights Act
### D.C. Code § 2-1401 *et seq.*
### Retaliation
### *Against Defendants Microsoft, Coleman, and Kobylski, Jointly and Severally*

77.     Zweifel incorporates the allegations in the foregoing paragraphs.

78.     Zweifel is an "employee" as the term is defined at D.C. Code § 2-1401.02.

79.     Defendants Microsoft, Coleman, and Kobylski are each an "employer" as the term is defined in D.C. Code § 2-1401.02.

80.     Zweifel is female, and therefore Zweifel is a member of a protected class under the DCHRA.

81.     Zweifel engaged in protected activity when she repeatedly reported her concerns of discrimination, a hostile work environment, and retaliation to Coleman, Kobylski, and Microsoft.

82.     Defendants Microsoft, Coleman, and Kobylski violated D.C. Code § 2-1401 *et seq.*, when they took adverse employment actions against Zweifel due to her protected activity.

83.     Zweifel has suffered damages as a result of Defendants Microsoft, Coleman, and Kobylski's unlawful retaliation.

## COUNT IV
### Defamation
### *Against Defendant Abouissa*

84.     Zweifel incorporates the allegations in the foregoing paragraphs.

85.     Abouissa purposely, knowingly, recklessly, or negligently made a false and

15

defamatory statement concerning Zweifel when he informed Microsoft that Zweifel called Abouissa a "fucking Egyptian" in Arabic and that Zweifel forcefully grabbed Abouissa's arm on November 3, 2022. This is a third-party publication from Abouissa to Microsoft.

86.     Abouissa's third-party publication was a false and defamatory statement concerning Zweifel.

87.     Abouissa's third-party publication was published without privilege to a third party.

88.     Abouissa's fault in publishing the third-party publication amounted to at least negligence.

89.     Abouissa's third-party publication harmed Zweifel's reputation, as Microsoft relied on Abouissa's third-party publication in terminating Zweifel.

90.     Zweifel has sustained damages as the result of Abouissa's illegal defamation, including, but not limited to, termination by Microsoft for the alleged misconduct, damage to her career, risk to her Top Secret security clearance, and emotion, mental, and physical distress.

91.     Zweifel is entitled to such relief that will compensate her for the harm done to her reputation.

## PRAYER FOR RELIEF

Zweifel respectfully requests that she be awarded the following relief:

A.  Judgment against Defendants in an amount of any wages, salary, employment benefits, or other compensation denied or lost to Zweifel, including economic damages, liquidated damages, compensatory and punitive damages to be determined at trial;

B.  Front pay or other equitable relief;

16

C.  Pre-judgment interest;

D.  Interest due on unpaid wages;

E.  A reasonable attorney's fee and costs of this litigation;

F.  Injunctive and declaratory relief;

G.  Reasonable expert witness fees; and

H.  Any other relief that this Honorable Court deems just and proper to award.

**JURY DEMAND**

Plaintiff demands a jury for all issues proper to be so tried.

> Respectfully submitted,
>
> */s/ Anita Mazumdar Chambers*
> R. Scott Oswald, DC Bar 458859
> Anita Mazumdar Chambers, DC Bar 1046845
> The Employment Law Group, P.C.
> 1717 K Street NW, Suite 1110
> Washington, D.C. 20006
> (202) 261-2821 (telephone)
> (202) 261-2835 (facsimile)
> soswald@employmentlawgroup.com
> achambers@employmentlawgroup.com
> *Counsel for Plaintiff*

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Daphne Zweifel
_____
                                    Plaintiff
                    vs.

Microsoft Corporation                    Case Number   2023-CAB-004535
_____
                                    Defendant

**SUMMONS**

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Anita Mazumdar Chambers
_____          _Clerk of the Court_
Name of Plaintiff's Attorney

1717 K St. NW, Suite 1110
_____          By _____
Address
Washington, D.C., 20006                        Deputy Clerk

202-261-2821
_____          Date   7/25/2023
Telephone
如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction   Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202)879-4828로 전화주십시오   የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                    Super. Ct. Civ. R. 4

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Daphne Zweifel
_____
Plaintiff

vs.

Case Number  2023-CAB-004535

Sameh Abouissa
_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Anita Mazumdar Chambers
_____
Name of Plaintiff's Attorney

1717 K St. NW, Suite 1110
_____
Address
Washington, D.C., 20006
_____

202-261-2821
_____
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date  7/25/2023

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202)879-4828로 전화주십씨요     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME_.

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Daphne Zweifel
_____
Plaintiff

vs.

Case Number   2023-CAB-004535

Dan Coleman
_____
Defendant

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Anita Mazumdar Chambers
_____
Name of Plaintiff's Attorney

1717 K St. NW, Suite 1110
_____
Address
Washington, D.C., 20006

202-261-2821
_____
Telephone

_Clerk of the Court_

By _____
Deputy Clerk

Date   7/25/2023

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202)879-4828로 전화주십시요.     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Daphne Zweifel
_____
                                    Plaintiff
              vs.

                                                      Case Number    2023-CAB-004535

Heidi Kobylski
_____
                                    Defendant

**SUMMONS**

To the above named Defendant:

        You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

        You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Anita Mazumdar Chambers
_____
Name of Plaintiff's Attorney

1717 K St. NW, Suite 1110
_____
Address
Washington, D.C., 20006

202-261-2821
_____
Telephone

                                              _Clerk of the Court_

By _____
                                              Deputy Clerk

Date    **7/25/2023**
        _____

如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202)879-4828로 전화주십시오        የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

        IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME_.

        If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                              Super. Ct. Civ. R. 4



**Superior Court of the District of Columbia**
**Civil - Civil Actions Branch**
**500 Indiana Ave NW, Room 5000, Washington DC 20001**
**(202) 879-1133 | www.dccourts.gov**

**Case Number:** 2023-CAB-004535

**Case Caption:** Daphne Zweifel v. Microsoft Corporation et. al.

### INITIAL ORDER

| Initial Hearing Date: | Initial Hearing Time: | Courtroom Location: |
|---|---|---|
| Friday, 10/27/2023 | 9:30 AM | Remote Courtroom 131 |

**Please see attached instructions for remote participation.**

Your case is assigned to Associate Judge Neal E Kravitz.

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby ORDERED as follows:

1) This case is assigned to the judge and calendar designated above. All future filings in this case shall bear the calendar number and judge's name along with the case number in the caption.

2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of the summons, the complaint, and this Initial Order. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4.

3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

4) At the time stated below, all counsel and unrepresented parties shall participate in a hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients before the hearing whether the clients are agreeable to binding or non-binding arbitration. This order is the only notice that parties and counsel will receive concerning this hearing.

5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference once, with the consent of all parties, to either of the two succeeding days when the calendar is called. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date. No other continuance will be granted except upon motion for good cause shown.

6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Anita M. Josey-Herring

**To Join by Computer, Tablet, or Smartphone:**

1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.

   Link: dccourts.webex.com/meet/ctb131

   Meeting ID: 2336 589 2483

2) When you are ready, click "Join Meeting".
3) You will be placed in the lobby until the courtroom clerk gives you access to the hearing.

**Or to Join by Phone:**

1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)
2) Enter the Webex Meeting ID listed above followed by "##"

**Resources and Contact Information:**

1) For best practices on how to participate in Webex Meetings, click here https://www.webex.com/learn/best-practices.html.
2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.
3) For case questions, call the Civil Actions Branch Clerk's Office at (202) 879-1133.

## **ACCESSIBILITY AND LANGUAGE ACCESS**

### **Persons with Disabilities:**

If you have a disability as defined by the American Disabilities Act (ADA) and you require an accommodation, please call 202-879-1700 or email ADACoordinator@dcsc.gov . The D.C. Courts does not provide transportation service.

### **Interpreting and Translation Services**:

The D.C. Courts offers free language access services to people having business with the court who are deaf or who are non-English speakers. Parties to a case may request free translations of court orders and other court documents. To ask for an interpreter or translation, please contact the Clerk's Office listed for your case. For more information, visit https://www.dccourts.gov/language-access.

### **Servicios de interpretación y traducción:**

Los Tribunales del Distrito de Columbia ofrecen servicios gratuitos de acceso al idioma a las personas sordas o que no hablan inglés que tienen asuntos que atender en el tribunal. Las partes de un caso pueden solicitar traducciones gratuitas de las órdenes judiciales y otros documentos del tribunal. Para solicitar un intérprete o una traducción, póngase en contacto con la Secretaría de su caso.

Para más información, visite https://www.dccourts.gov/language-access.

El acceso al idioma es importante para los Tribunales del Distrito de Columbia. Puede dar su opinión sobre los servicios de idiomas visitando https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

### **የቃልና የጽሑፍ ትርጓሜ አገልግሎቶች፡**

የዲ.ሲ ፍርድ ቤቶች መስማት ለተሳናቸውና የእንግሊዝኛ ቋንቋ ተናጋሪ ላልሆኑ በፍርድ ቤቱ ጉዳይ ላላቸው ሰዎች ነጻ የቋንቋ ተደራሽነት አገልግሎቶች ያቀርባል። ተከራካሪ ወገኖች የፍርድ ቤት ትእዛዞችና ሌሎች የፍርድ ቤት ሰነዶች በነጻ እንዲተረጎሙላቸው መጠየቅ ይችላሉ። የቃል ወይም የጽሑፍ ትርጓሜ ለመጠየቅ እባክዎን በመዝገብዎ የተዘረዘሩትን የጽሀፊ ቢሮ (ክለርክ'ስ ኦፊስ) ያናግሩ። ለተጨማሪ መረጃ https://www.dccourts.gov/language-access ይጎብኙ።

የቋንቋ ተደራሽነት ለዲ.ሲ. ፍርድ ቤቶች አስፈላጊ ነው። የቋንቋ አገልግሎቶች በተመለከተ አስተያየትዎን https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access በመጎብኘት መስጠት ይችላሉ።

# Tips for Attending Remote Hearings - Civil Division

*Your court hearing may be held remotely. This means that you will participate by phone or by video conference instead of coming to the courthouse. Here are some tips on how to prepare.*

## How do I know if I have a remote hearing?

The Court will contact you to tell you that your hearing is remote. They may contact you by sending you an email, letter in the mail, or by calling you.

## How do I take part in a remote hearing?

The Court will give you step-by-step instructions on how to take part in the remote hearing.

If you lose your written notice, call the Civil Actions Clerk's Office for instructions at:

 202-879-1133

## Is there anything that I should do before the day of the hearing?

- Let the court know immediately if you cannot join a hearing because you do not have a phone or computer.

   Civil Actions Clerk's Office: 202-879-1133

- You may want to contact an attorney for legal help.

- You can also find the list of legal services providers at dccourts.gov/coronavirus by clicking on the link that says, "List of Legal Service Providers for Those Without an Attorney."

- Evidence: if you want the judge to review photos or documents, ask the judge how to submit your evidence.

- Witnesses: tell the judge if you want a witness to testify at your hearing.

- Accommodations & Language Access: let the court know if you need an interpreter or other accommodation for your hearing.

## Tips for the Hearing 

- Join the hearing a few minutes early!

- Charge your computer or phone and make sure you have enough minutes to join the call. Find a private and quiet space. If possible, be alone in a room during the hearing. Try to limit distractions as much as possible. If others are in the room with you, ask if they can be quiet during the hearing.

- Mute your microphone when you are not talking. Mute all sounds on your phone or computer.

- Say your name before you speak so the record is clear. Be prepared to identify your role in the hearing (e.g., observer, plaintiff, defendant, witness, etc.).

- Speak slowly and clearly so everyone hears what you are saying.

- Pause before speaking in case there is a lag. Use a headset or headphones if you can. This will free up your hands and sound better.

- Try not to talk over anyone else. Only one person can speak at a time. If you talk while someone else is talking, the judge will not be able to hear you.

- Have all your documents for the hearing in front of you. Have a pen and paper to take notes.

- If you are not ready for your hearing or want to speak with an attorney, you can ask the judge to postpone your hearing for another date.

- If your sound or video freezes during the hearing, use the chat feature or call the Clerk's Office to let them know that you are having technical issues.

## Special Tips for Video Hearings
## (Click here for more information) 

- Download the court's hearing software, WebEx, in advance and do a test run! The Court will provide you with a WebEx link in advance of the hearing.

- Set up the camera at eye level. If you are using your phone, prop it up so you can look at it without holding it.

- Look at the camera when you speak and avoid moving around on the video.

- Wear what you would normally wear to court.

- Sit in a well-lit room with no bright lights behind you.

- If possible, find a blank wall to sit in front of. Remember the judge will be able to see everything on your screen, so pick a location that is not distracting.




# District of Columbia Courts

# Tips for Using DC Courts Remote

The DC Courts have **remote hearing sites** available in various locations in the community to help persons who may not have computer devices or internet service at home to participate in scheduled remote hearings.  The Courts are committed to enhancing access to justice for all.

There are six remote access sites throughout the community which will operate: **Monday – Friday, 8:30 am – 4:00 pm.**

### The remote site locations are:



| **Remote Site - 1** | **Remote Site - 4** |
|---|---|
| Balance and Restorative Justice Center<br>1215 South Capitol Street, SW<br>Washington, DC 20003 | Balance and Restorative Justice Center<br>920 Rhode Island Avenue, NE<br>Washington, DC 20018 |
| **Remote Site - 2** | **Remote Site - 5** |
| Balance and Restorative Justice Center<br>1110 V Street, SE<br>Washington, DC 20020 | Reeves Center<br>2000 14th Street, NW, 2nd Floor<br>Community Room<br>Washington, DC 20009 |
| **Remote Site - 3** | **Remote Site - 6** |
| Balance and Restorative Justice Center<br>118 Q Street, NE<br>Washington, DC 20002 | Reeves Center<br>2000 14th Street, NW, Suite 300N<br>Office of the Tenant Advocate<br>Washington, DC 20009<br>*** No walk-ins at this location*** |

If you want to use a remote site location for your hearing, call **202-879-1900** or email DCCourtsRemoteSites@dcsc.gov **at least 24 hours before your hearing to reserve a remote access computer station**.  If you require special accommodations such as an interpreter for your hearing, please call **202-879-1900 at least 24 hours in advance of your hearing so the Courts can make arrangements**.

**\*You should bring the following items when you come to your scheduled site location\***

1. Your **case number** and any **hyperlinks** provided by the Courts for your scheduled hearing.
2. Any documents you need for the hearing (evidence), including exhibits, receipts, photos, contracts, etc.
3. Materials for notetaking, including pen and paper.

**\*Safety and security measures are in place at the remote sites.**

**Contact information to schedule your remote access computer station:**
Call:  **202-879-1900**
Email:  DCCourtsRemoteSites@dcsc.gov




# Consejos para usar los sitios de audiencia remota de los Tribunales de DC

Los Tribunales de DC disponen de **sitios de audiencia remota** en distintos centros de la comunidad para ayudar a que las personas que no tienen dispositivos informáticos o servicio de Internet en su casa puedan participar en audiencias remotas programadas. Los Tribunales honran el compromiso de mejorar el acceso de toda la población a la justicia.

En toda la comunidad hay seis sitios de acceso remoto que funcionarán de l**unes a viernes, de 8:30 am a 4:00 pm**.

### Los centros de acceso remoto son:

| | |
|---|---|
| **Sitio Remoto - 1**<br>Balance and Restorative Justice Center<br>1215 South Capitol Street, SW<br>Washington, DC 20003 | **Sitio Remoto - 4**<br>Balance and Restorative Justice Center<br>920 Rhode Island Avenue, NE<br>Washington, DC 20018 |
| **Sitio Remoto - 2**<br>Balance and Restorative Justice Center<br>1110 V Street, SE<br>Washington, DC 20020 | **Sitio Remoto - 5**<br>Reeves Center<br>2000 14th Street, NW, 2nd Floor<br>Community Room<br>Washington, DC 20009 |
| **Sitio Remoto - 3**<br>Balance and Restorative Justice Center<br>118 Q Street, NE<br>Washington, DC 20002 | **Sitio Remoto - 6**<br>Reeves Center<br>2000 14th Street, NW, Suite 300N<br>Office of the Tenant Advocate<br>Washington, DC 20009<br>*No se puede entrar sin cita previa* |



Si desea usar un sitio remoto para su audiencia, llame al **202-879-1900** o envíe un mensaje de correo electrónico a DCCourtsRemoteSites@dcsc.gov **al menos 24 horas antes de la audiencia, para reservar una estación de computadora de acceso remoto. Si** necesita adaptaciones especiales, como un intérprete para la audiencia, llame **al 202-879-1900 al menos 24 horas antes de la audiencia para que los Tribunales puedan hacer los arreglos necesarios.**

**\*Cuando concurra al sitio programado debe llevar los siguientes artículos\***

1. Su **número de caso** y todos los **hipervínculos** que le hayan proporcionado los Tribunales para la audiencia programada.

2. Cualquier documento que necesite para la audiencia (prueba), incluidos documentos probatorios, recibos, fotos, contratos, etc.

3. Materiales para tomar nota, como papel y lápiz.

**\*Los sitios de acceso remoto cuentan con medidas de seguridad y protección.**

**Información de contacto para programar su estación de computadora de acceso remoto:**
Teléfono: **202-879-1900**
Correo electrónico: DCCourtsRemoteSites@dcsc.gov

**Case Caption:**   Daphne Zweifel v. Microsoft Corporation et. al.

**To:**  Dan Coleman                                    **Case Number:**    2023-CAB-004535

### NOTICE OF REMOTE INITIAL SCHEDULING CONFERENCE

Your case is scheduled for a(n) **Remote Initial Scheduling Conference** on **10/27/2023** at **9:30 AM** in **Remote Courtroom 131**.

The remote hearing will be held via Webex. To join the hearing, follow the below instructions.

**To Join by Computer, Tablet, or Smartphone:**
1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.

   Link: dccourts.webex.com/meet/ctb131

   Meeting ID: 2336 589 2483
2) Click "**Join Meeting**". You may be placed in the lobby until the courtroom clerk gives you access to the hearing.

**OR To Join by Phone:**
1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)

   Enter the Webex Meeting ID shown above followed by "##"

**Resources and Contact Information:**
1) For best practices on how to participate in Webex Meetings, click here www.webex.com/learn/best-practices.html.
2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.
3) For case questions, call the Civil Actions Branch at 202-879-1133.
4) To change your method of hearing participation, visit www.dccourts.gov/hearing-information for instructions and forms.



Superior Court of the District of Columbia
Civil Division - Civil Actions Branch
500 Indiana Ave NW, Room 5000, Washington DC 20001
202-879-1133 | www.dccourts.gov

First Class Mail
U. S. Postage Paid
Washington, D.C.
Permit No. 1726

Dan Coleman
19907 Thacker Drive
Boonsboro MD  21713

You are named in a lawsuit filed in the Superior Court of the District of Columbia. If you cannot appear at the hearing, please contact the Clerk's Office immediately for more information. If Plaintiff does not participate, the case may be dismissed. If Defendant does not participate, default or judgment may be entered.

For case information, please contact the Civil Actions Branch Clerk's Office by phone at 202-879-1133 or by live chat at https://www.dccourts.gov/services/civil-matters/requesting-over-10k.

To access your case information online, please visit www.dccourts.gov/services/cases-online.

**Case Caption:**   Daphne Zweifel v. Microsoft Corporation et. al.

**To:**  Heidi Kobylski                          **Case Number:**   2023-CAB-004535

### NOTICE OF REMOTE INITIAL SCHEDULING CONFERENCE

Your case is scheduled for a(n) **Remote Initial Scheduling Conference** on **10/27/2023** at **9:30 AM** in **Remote Courtroom 131**.

The remote hearing will be held via Webex. To join the hearing, follow the below instructions.

**To Join by Computer, Tablet, or Smartphone:**
1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.

   Link: dccourts.webex.com/meet/ctb131

   Meeting ID: 2336 589 2483
2) Click "**Join Meeting**". You may be placed in the lobby until the courtroom clerk gives you access to the hearing.

**OR To Join by Phone:**
1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)
   Enter the Webex Meeting ID shown above followed by "##"

**Resources and Contact Information:**
1) For best practices on how to participate in Webex Meetings, click here www.webex.com/learn/best-practices.html.
2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.
3) For case questions, call the Civil Actions Branch at 202-879-1133.
4) To change your method of hearing participation, visit www.dccourts.gov/hearing-information for instructions and forms.



Superior Court of the District of Columbia
Civil Division - Civil Actions Branch
500 Indiana Ave NW, Room 5000, Washington DC 20001
202-879-1133 | www.dccourts.gov

First Class Mail
U. S. Postage Paid
Washington, D.C.
Permit No. 1726

Heidi Kobylski
3724 Championship Drive
Glenwood MD  21738

You are named in a lawsuit filed in the Superior Court of the District of Columbia. If you cannot appear at the hearing, please contact the Clerk's Office immediately for more information. If Plaintiff does not participate, the case may be dismissed. If Defendant does not participate, default or judgment may be entered.

For case information, please contact the Civil Actions Branch Clerk's Office by phone at 202-879-1133 or by live chat at https://www.dccourts.gov/services/civil-matters/requesting-over-10k.

To access your case information online, please visit www.dccourts.gov/services/cases-online.

**Case Caption:**   Daphne Zweifel v. Microsoft Corporation et. al.

**To:**  Microsoft Corporation                    **Case Number:**    2023-CAB-004535

## NOTICE OF REMOTE INITIAL SCHEDULING CONFERENCE

Your case is scheduled for a(n) **Remote Initial Scheduling Conference** on **10/27/2023** at **9:30 AM** in **Remote Courtroom 131**.

The remote hearing will be held via Webex. To join the hearing, follow the below instructions.

**To Join by Computer, Tablet, or Smartphone:**
1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.

   Link: dccourts.webex.com/meet/ctb131

   Meeting ID: 2336 589 2483
2) Click "**Join Meeting**". You may be placed in the lobby until the courtroom clerk gives you access to the hearing.

**OR To Join by Phone:**
1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)

   Enter the Webex Meeting ID shown above followed by "##"

**Resources and Contact Information:**
1) For best practices on how to participate in Webex Meetings, click here www.webex.com/learn/best-practices.html.
2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.
3) For case questions, call the Civil Actions Branch at 202-879-1133.
4) To change your method of hearing participation, visit www.dccourts.gov/hearing-information for instructions and forms.



Superior Court of the District of Columbia
Civil Division - Civil Actions Branch
500 Indiana Ave NW, Room 5000, Washington DC 20001
202-879-1133 | www.dccourts.gov

First Class Mail
U. S. Postage Paid
Washington, D.C.
Permit No. 1726

Microsoft Corporation
1 Microsoft Way
Redmond WA  98052

You are named in a lawsuit filed in the Superior Court of the District of Columbia. If you cannot appear at the hearing, please contact the Clerk's Office immediately for more information. If Plaintiff does not participate, the case may be dismissed. If Defendant does not participate, default or judgment may be entered.

For case information, please contact the Civil Actions Branch Clerk's Office by phone at 202-879-1133 or by live chat at https://www.dccourts.gov/services/civil-matters/requesting-over-10k.

To access your case information online, please visit www.dccourts.gov/services/cases-online.

**Case Caption:**   Daphne Zweifel v. Microsoft Corporation et. al.

**To:**  Daphne Zweifel                                    **Case Number:**   2023-CAB-004535

### NOTICE OF REMOTE INITIAL SCHEDULING CONFERENCE

Your case is scheduled for a(n) **Remote Initial Scheduling Conference** on **10/27/2023** at **9:30 AM** in **Remote Courtroom 131**.

The remote hearing will be held via Webex. To join the hearing, follow the below instructions.

**To Join by Computer, Tablet, or Smartphone:**
1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.

   Link: dccourts.webex.com/meet/ctb131

   Meeting ID: 2336 589 2483
2) Click "**Join Meeting**". You may be placed in the lobby until the courtroom clerk gives you access to the hearing.

**OR To Join by Phone:**
1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)

   Enter the Webex Meeting ID shown above followed by "##"

**Resources and Contact Information:**
1) For best practices on how to participate in Webex Meetings, click here www.webex.com/learn/best-practices.html.
2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.
3) For case questions, call the Civil Actions Branch at 202-879-1133.
4) To change your method of hearing participation, visit www.dccourts.gov/hearing-information for instructions and forms.



Superior Court of the District of Columbia
Civil Division - Civil Actions Branch
500 Indiana Ave NW, Room 5000, Washington DC 20001
202-879-1133 | www.dccourts.gov

First Class Mail
U. S. Postage Paid
Washington, D.C.
Permit No. 1726

Daphne Zweifel
1538 44th Street NW
Washington DC  20007

You are named in a lawsuit filed in the Superior Court of the District of Columbia. If you cannot appear at the hearing, please contact the Clerk's Office immediately for more information. If Plaintiff does not participate, the case may be dismissed. If Defendant does not participate, default or judgment may be entered.


For case information, please contact the Civil Actions Branch Clerk's Office by phone at 202-879-1133 or by live chat at https://www.dccourts.gov/services/civil-matters/requesting-over-10k.

To access your case information online, please visit www.dccourts.gov/services/cases-online.

**Case Caption:**  Daphne Zweifel v. Microsoft Corporation et. al.

**To:**  Sameh Abouissa                    **Case Number:**    2023-CAB-004535

### NOTICE OF REMOTE INITIAL SCHEDULING CONFERENCE

Your case is scheduled for a(n) **Remote Initial Scheduling Conference** on **10/27/2023** at **9:30 AM** in **Remote Courtroom 131**.

The remote hearing will be held via Webex. To join the hearing, follow the below instructions.

**To Join by Computer, Tablet, or Smartphone:**
1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.

   Link: dccourts.webex.com/meet/ctb131

   Meeting ID: 2336 589 2483
2) Click "**Join Meeting**". You may be placed in the lobby until the courtroom clerk gives you access to the hearing.

**OR To Join by Phone:**
1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)

   Enter the Webex Meeting ID shown above followed by "##"

**Resources and Contact Information:**
1) For best practices on how to participate in Webex Meetings, click here www.webex.com/learn/best-practices.html.
2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.
3) For case questions, call the Civil Actions Branch at 202-879-1133.
4) To change your method of hearing participation, visit www.dccourts.gov/hearing-information for instructions and forms.



Superior Court of the District of Columbia
Civil Division - Civil Actions Branch
500 Indiana Ave NW, Room 5000, Washington DC 20001
202-879-1133 | www.dccourts.gov

First Class Mail
U. S. Postage Paid
Washington, D.C.
Permit No. 1726

Sameh Abouissa
24891 Dahlia Manor Place
Aldie VA  20105

You are named in a lawsuit filed in the Superior Court of the District of Columbia. If you cannot appear at the hearing, please contact the Clerk's Office immediately for more information. If Plaintiff does not participate, the case may be dismissed. If Defendant does not participate, default or judgment may be entered.

For case information, please contact the Civil Actions Branch Clerk's Office by phone at 202-879-1133 or by live chat at https://www.dccourts.gov/services/civil-matters/requesting-over-10k.

To access your case information online, please visit www.dccourts.gov/services/cases-online.

**Case Caption:**   Daphne Zweifel v. Microsoft Corporation et. al.

**To:**  Anita M. Chambers                          **Case Number:**     2023-CAB-004535

### NOTICE OF REMOTE INITIAL SCHEDULING CONFERENCE

Your case is scheduled for a(n) **Remote Initial Scheduling Conference** on **10/27/2023** at **9:30 AM** in **Remote Courtroom 131**.

The remote hearing will be held via Webex. To join the hearing, follow the below instructions.

**To Join by Computer, Tablet, or Smartphone:**
1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.

   Link: dccourts.webex.com/meet/ctb131

   Meeting ID: 2336 589 2483
2) Click "**Join Meeting**". You may be placed in the lobby until the courtroom clerk gives you access to the hearing.

**OR To Join by Phone:**
1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)

   Enter the Webex Meeting ID shown above followed by "##"

**Resources and Contact Information:**
1) For best practices on how to participate in Webex Meetings, click here www.webex.com/learn/best-practices.html.
2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.
3) For case questions, call the Civil Actions Branch at 202-879-1133.
4) To change your method of hearing participation, visit www.dccourts.gov/hearing-information for instructions and forms.



Superior Court of the District of Columbia
Civil Division - Civil Actions Branch
500 Indiana Ave NW, Room 5000, Washington DC 20001
202-879-1133 | www.dccourts.gov

First Class Mail
U. S. Postage Paid
Washington, D.C.
Permit No. 1726

Anita M. Chambers
The Employment Law Group PC
1717 K St NW Suite 1110
Washington DC  20006

You are named in a lawsuit filed in the Superior Court of the District of Columbia. If you cannot appear at the hearing, please contact the Clerk's Office immediately for more information. If Plaintiff does not participate, the case may be dismissed. If Defendant does not participate, default or judgment may be entered.

For case information, please contact the Civil Actions Branch Clerk's Office by phone at 202-879-1133 or by live chat at https://www.dccourts.gov/services/civil-matters/requesting-over-10k.

To access your case information online, please visit www.dccourts.gov/services/cases-online.

**Case Caption:**   Daphne Zweifel v. Microsoft Corporation et. al.

**To:**  R Scott S Oswald                    **Case Number:**   2023-CAB-004535

### NOTICE OF REMOTE INITIAL SCHEDULING CONFERENCE

Your case is scheduled for a(n) **Remote Initial Scheduling Conference** on **10/27/2023** at **9:30 AM** in **Remote Courtroom 131**.

The remote hearing will be held via Webex. To join the hearing, follow the below instructions.

**To Join by Computer, Tablet, or Smartphone:**
1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.

   Link: dccourts.webex.com/meet/ctb131

   Meeting ID: 2336 589 2483
2) Click "**Join Meeting**". You may be placed in the lobby until the courtroom clerk gives you access to the hearing.

**OR To Join by Phone:**
1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)

   Enter the Webex Meeting ID shown above followed by "##"

**Resources and Contact Information:**
1) For best practices on how to participate in Webex Meetings, click here www.webex.com/learn/best-practices.html.
2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.
3) For case questions, call the Civil Actions Branch at 202-879-1133.
4) To change your method of hearing participation, visit www.dccourts.gov/hearing-information for instructions and forms.



Superior Court of the District of Columbia
Civil Division - Civil Actions Branch
500 Indiana Ave NW, Room 5000, Washington DC 20001
202-879-1133 | www.dccourts.gov

First Class Mail
U. S. Postage Paid
Washington, D.C.
Permit No. 1726

R Scott S Oswald
The Employment Law Group PC
1717 K St NW Suite 1110
Washington DC  20006

You are named in a lawsuit filed in the Superior Court of the District of Columbia. If you cannot appear at the hearing, please contact the Clerk's Office immediately for more information. If Plaintiff does not participate, the case may be dismissed. If Defendant does not participate, default or judgment may be entered.

For case information, please contact the Civil Actions Branch Clerk's Office by phone at 202-879-1133 or by live chat at https://www.dccourts.gov/services/civil-matters/requesting-over-10k.

To access your case information online, please visit www.dccourts.gov/services/cases-online.

eFiled
09/20/2023 10:35:44 AM
Superior Court
of the District of Columbia

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

|  |  |
|---|---|
| **DAPHNE ZWEIFEL,** | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) **Civil Action No.: 2023-CAB-004535** |
| | ) |
| **MICROSOFT CORPORATION,** *et al.,* | ) |
| | ) |
| *Defendants.* | ) |

## MOTION TO EXTEND TIME FOR SERVICE

Plaintiff Daphne Zweifel, by counsel, respectfully requests that this Court grant an

extension of the time to serve Defendants Heidi Kobylski, Dan Coleman, and Sameh Abouissa.

In support thereof, Zweifel states as follows:

1.      Zweifel filed her Complaint with this Court on July 25, 2023.

2.      In accordance with Rule 4(m)(1)(A), the deadline for filing proofs of service

showing that the Defendants were served with their summons, complaint, Initial Order, any

addendum to that order, and any other order directed by the court to the parties at the time of

filing is September 23, 2023.

3.      On or about August 3, 2023, prior to the service of the Complaint, the

undersigned counsel conferred with Defendant Microsoft Corporation's ("Microsoft") counsel,

David L. Greenspan, regarding Zweifel's Complaint.

4.      In an effort to fully exhaust settlement discussions, the parties agreed that Zweifel

would not serve Defendants for several weeks to engage in these discussions.

5.      On September 15, 2023, Zweifel learned that Defendants Heidi Kobylski, Dan

Coleman, and Sameh Abouissa were not represented by Microsoft's counsel at this time.

6.      Since September 15, 2023, Zweifel has attempted to execute service of process upon Defendants Kobylski, Coleman, and Abouissa. However, Zweifel has not been able to successfully complete service upon Defendants Kobylski, Coleman, or Abouissa.

7.      On September 18, 2023, at approximately 3:15 PM, Zweifel, through a private process server, attempted to locate and serve Abouissa at his home residence in Aldie, Virginia. However, a man who identified himself as a temporary guest at Abouissa's home told the private process server that Abouissa was not home, and he was not certain when Abouissa would return. The private process server waited near Abouissa's home until 4:30 PM, but did not see anybody enter or exit Abouissa's home during that time.

8.      On September 18, 2023, at approximately 2:00 PM, Zweifel, through a private process server, attempted to locate and serve Coleman at his residence in Maryland. There was a car in the driveway when the private process server arrived, and the server knocked at the door and rang the doorbell multiple times. The private process server observed the property for approximately 30 minutes, but no one came to the door.

9.      On September 18, 2023, at approximately 4:00 PM, Zweifel, through a private process server, attempted to locate and serve Kobylski at her home in Maryland. There were two cars in the driveway. The private process server rang the doorbell multiple times, but no one came to the door. The private process server observed the property outside for 30 minutes.

10.     On September 18, 2023, at approximately 6:00 PM, Zweifel, through a private process server, attempted to locate and serve Coleman at his home in Maryland. The private process server noticed a different car in the driveway. The private process server rang the doorbell multiples times, and the private process server observed the property for about 2 and a half hours with nobody coming to the door again.

2

11.     On September 18, 2023, at approximately 9:00 PM, Zweifel, through a private process server, attempted to locate and serve Kobylski at her home in Maryland. The private process server rang the doorbell but got no answer. The private process server observed the property for about ten minutes before leaving.

12.     On September 19, 2023, at approximately 12:30 PM, Zweifel, through a private process server, attempted to locate and serve Abouissa at his home residence in Aldie, Virginia. The private process server knocked on the door but got no response. The private process server observed the property for one hour, at which point he briefly left. The private process server returned around 1:50 PM and noted that a trash can had been moved from the foot of the driveway to the top of the driveway near the garage. The private process server knocked on the door again several times, but got no answer. The private process server knocked again at about 2:50 PM, and noticed the man who identified himself as Abouissa's temporary guest exiting the garage. The private process server asked the man if Abouissa was home. The man denied that Abouissa was home and said he did not know when Abouissa would be home. The private process server returned to Abouissa's residence at approximately 8:00 PM. The private process server knocked on the front door and rang the door bell several times, but no one responded. The private process server noted that two vehicles were in the driveway, lights were on inside, and there were voices speaking inside the house.

13.     On September 19, 2023, at approximately 8:00 PM, Zweifel, through a private process server, attempted to locate and serve Kobylski at her home in Maryland.  The private process server rang the doorbell multiple times, but no one answered. The private process server observed the property for 45 minutes and noted that there were two cars in the driveway.

14.     On September 19, 2023, at approximately 4:30 PM, Zweifel, through a private

process server, attempted to locate and serve Coleman at his home in Maryland. There was a car in the driveway when the private process server arrived, and the private process server knocked at the door and rang the doorbell four times. The private process server observed the property for two hours and 15 minutes with nobody coming to the door.

15.     On September 19, 2023, Zweifel sent the Summons, Complaint, Initial Order, and Notice of Remote Initial Scheduling Conference to Defendants Heidi Kobylski, Dan Coleman, and Sameh Abouissa by certified mail. Zweifel is waiting for the signed receipts confirming delivery by certified mail to be returned.

16.     Rule 4(m)(2) states that the Court must extend time for service for an appropriate period if the plaintiff shows good cause.

17.     Good cause exists here, as Zweifel has shown that she has made diligent efforts to execute service of process upon Defendants Kobylski, Coleman, and Abouissa. Zweifel will continue to make diligent efforts to execute service of process upon Defendants Kobylski, Coleman, and Abouissa during the extended time period.

18.     Zweifel has also attempted service of process upon Defendants Kobylski, Coleman, and Abouissa by certified mail and is waiting for the signed receipts to be returned.

19.     Therefore, in light of the foregoing, Zweifel respectfully requests that this Court extend the time for service of Defendants Kobylski, Coleman, and Abouissa by 30 days, until October 23, 2023.

Dated: September 20, 2023

Respectfully submitted,

*/s/ Anita Mazumdar Chambers*
R. Scott Oswald, Esq.
DC Bar No. 458859
Anita Mazumdar Chambers, Esq.
DC Bar No. 1046845
The Employment Law Group, P.C.
1717 K Street NW, Ste 1110
Washington, DC 20006
(202) 261-2821 / (202) 261-2835 (facsimile)
soswald@employmentlawgroup.com
achambers@employmentlawgroup.com
*Counsel for the Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on September 20, 2023, a true and correct copy of the

foregoing was served via electronic mail to:

> David L. Greenspan, Esq.
> McGuireWoods LLP
> 1750 Tysons Boulevard
> Suite 1800
> Tysons, VA 22102-4215
> dgreenspan@mcguirewoods.com

*/s/ Anita Mazumdar Chambers*
Anita Mazumdar Chambers

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

_____
                                    )

**DAPHNE ZWEIFEL,**                )

                            )

        *Plaintiff,*             )

                            )

        v.                     )  **Civil Action No.: 2023-CAB-004535**

                            )

**MICROSOFT CORPORATION,** *et al.,*  )

                            )

        *Defendants.*          )
_____)

**[PROPOSED] ORDER GRANTING MOTION TO EXTEND TIME FOR SERVICE**

      Upon consideration of Plaintiff Daphne Zweifel's Motion to Extend Time for Service,

and the entire record herein, it is by the Court this _____ day of September, 2023,

      **ORDERED** that the Motion be, and hereby is, **GRANTED**; and it is further

      **ORDERED** that the time for service of Defendants Heidi Kobylski, Dan Coleman, and

Sameh Abouissa shall be extended by thirty (30) days until October 23, 2023.


                                  _____
                                  Judge, D.C. Superior Court

1

eFiled
09/20/2023 10:35:44 AM
Superior Court
of the District of Columbia

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | |
|---|---|
| **DAPHNE ZWEIFEL,** ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | **Civil Action No.: 2023-CAB-004535** |
| ) | |
| **MICROSOFT CORPORATION,** *et al.,* ) | |
| ) | |
| *Defendants.* ) | |

## DECLARATION OF SERVICE OF PROCESS

The undersigned certifies that valid service of process was executed upon David L.

Greenspan Esq., as counsel for Defendant Microsoft Corporation ("Microsoft"), on September

19, 2023. Mr. Greenspan confirmed that he was authorized to accept service on Microsoft's

behalf by e-mail.  On September 19, 2023, Plaintiff's counsel sent Mr. Greenspan a copy of the

Complaint, Summons to Microsoft, Notice of Remote Initial Scheduling Conference, and Initial

Order in this matter by e-mail.

THE UNDERSIGNED IS OVER THE AGE OF EIGHTEEN (18) YEARS OLD AND

SOLEMNLY DECLARES AND AFFIRMS UNDER THE PENALTIES OF PERJURY THAT

THE CONTENTS OF THE FOREGOING DOCUMENT ARE TRUE AND CORRECT.

Dated: September 20, 2023                    Respectfully submitted,

*/s/ Anita Mazumdar Chambers*
R. Scott Oswald (DC Bar No. 458859)
Anita Mazumdar Chambers (DC Bar No. 1046845)
The Employment Law Group, P.C.
1717 K Street NW, Ste 1110
Washington, DC 20006
(202) 261-2821 / (202) 261-2835 (facsimile)
soswald@employmentlawgroup.com
achambers@employmentlawgroup.com
*Counsel for the Plaintiff*

1

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on September 20, 2023, a true and correct copy of the

foregoing was served via electronic mail to:

>David L. Greenspan, Esq.
>McGuireWoods LLP
>1750 Tysons Boulevard
>Suite 1800
>Tysons, VA 22102-4215
>dgreenspan@mcguirewoods.com

*/s/ Anita Mazumdar Chambers*
Anita Mazumdar Chambers

eFiled
09/21/2023 1:09:40 PM
Superior Court
of the District of Columbia

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

|  |  |
|---|---|
| DAPHNE ZWEIFEL, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) Civil Action No.: 2023-CAB-004535 |
| | ) |
| MICROSOFT CORPORATION, *et al.,* | ) |
| | ) |
| *Defendants.* | ) |

**RENEWED MOTION TO EXTEND TIME FOR**
**SERVICE OF DEFENDANT SAMEH ABOUISSA**

Plaintiff Daphne Zweifel, by counsel, respectfully requests that this Court grant an

extension of the time to serve Defendant Sameh Abouissa. In support thereof, Zweifel states as

follows:

1.      Zweifel filed her Complaint with this Court on July 25, 2023.

2.      In accordance with Rule 4(m)(1)(A), the deadline for filing proofs of service

showing that the Defendants were served with their summons, complaint, Initial Order, any

addendum to that order, and any other order directed by the court to the parties at the time of

filing is September 23, 2023.

3.      On or about August 3, 2023, prior to the service of the Complaint, the

undersigned counsel conferred with Defendant Microsoft Corporation's ("Microsoft") counsel,

David L. Greenspan, regarding Zweifel's Complaint.

4.      In an effort to fully exhaust settlement discussions, the parties agreed that Zweifel

would not serve Defendants for several weeks to engage in these discussions.

5.      On September 15, 2023, Zweifel learned that Defendants Heidi Kobylski, Dan

Coleman, and Sameh Abouissa were not represented by Microsoft's counsel at this time.

1

6.      On September 19, 2023, Zweifel filed a Motion to Extend Time for Service of Defendants Heidi Kobylski, Dan Coleman, and Sameh Abouissa.

7.      On September 21, 2023, this Court denied Zweifel's Motion to Extend Time for Service without prejudice.

8.      On September 21, 2023, Zweifel learned that Mr. Greenspan was now authorized to accept service on behalf of Defendants Heidi Kobylski and Dan Coleman. Zweifel then served Defendants Heidi Kobylski and Dan Coleman (through their counsel, Mr. Greenspan); Zweifel plans to file proofs of service with this Court prior to the deadline.

9.      As of the filing of this Renewed Motion, Zweifel still has not served Abouissa, and thus submits this renewed motion for an extension of time only as it relates to Abouissa.

10.     Since September 15, 2023, Zweifel has attempted to execute service of process upon Abouissa. However, Zweifel has not been able to successfully complete service upon Abouissa.

11.     On September 18, 2023, at approximately 3:15 PM, Zweifel, through a private process server, attempted to locate and serve Abouissa at his home residence in Aldie, Virginia. However, a man who identified himself as a temporary guest at Abouissa's home told the private process server that Abouissa was not home, and he was not certain when Abouissa would return. The private process server waited near Abouissa's home until 4:30 PM but did not see anybody enter or exit Abouissa's home during that time.

12.     On September 19, 2023, at approximately 12:30 PM, Zweifel, through a private process server, attempted to locate and serve Abouissa at his home residence in Aldie, Virginia. The private process server knocked on the door but got no response. The private process server observed the property for one hour, at which point he briefly left. The private process server

2

returned around 1:50 PM and noted that a trash can had been moved from the foot of the driveway to the top of the driveway near the garage. The private process server knocked on the door again several times but got no answer. The private process server knocked again at about 2:50 PM and noticed the man who identified himself as Abouissa's temporary guest exiting the garage. The private process server asked the man if Abouissa was home. The man denied that Abouissa was home and said he did not know when Abouissa would be home. The private process server returned to Abouissa's residence at approximately 8:00 PM. The private process server knocked on the front door and rang the door bell several times, but no one responded. The private process server noted that two vehicles were in the driveway, lights were on inside, and there were voices speaking inside the house.

13.     On September 19, 2023, Zweifel sent the Summons to Abouissa, Complaint, Initial Order, and Notice of Remote Initial Scheduling Conference to Defendant Sameh Abouissa by certified mail. Zweifel is waiting for the signed receipts confirming delivery by certified mail to be returned. However, in light of the foregoing, Zweifel believes Abouissa will not return a signed receipt.

14.     Rule 4(m)(2) states that the Court must extend time for service for an appropriate period if the plaintiff shows good cause.

15.     Good cause exists here, as Zweifel has shown that she has made diligent efforts to execute service of process upon Abouissa.

16.     Zweifel will continue to make diligent efforts to execute service of process upon Abouissa during the extended time period.

17.     Zweifel will continue to attempt to serve Abouissa personally, through a private process server, at his home in Aldie, Virginia. Zweifel will also attempt to serve Abouissa's

3

wife, who lives at the residence.

18.     The same private process server who has previously attempted to serve Abouissa will attempt to serve Abouissa personally at his home in Aldie, Virginia on September 21, 2023 in the afternoon.

19.     A second private process server will attempt to serve Abouissa at his home on September 22, 2023 in the morning. If this does not succeed, the first process server will attempt to serve Abouissa at his home on September 23, 25, and 26, 2023. If those attempts do not succeed, the second process server will attempt to serve Abouissa at his home on September 27 and 28, 2023.

20.     Both process servers will vary the times of day on each attempts. They will conduct surveillance and document their attempts. Both process servers will provide Zweifel with photos demonstrating vehicles in the driveway, lights on in Abouissa's home, etc.

21.     Zweifel believes that Abouissa has been home during each service attempt so far and is deliberately evading service.

22.     Zweifel has also attempted service of process upon Abouissa by certified mail in accordance with Rule 4(c)(4) and is waiting for the signed receipt to be returned.

23.     Zweifel will monitor the certified mailing receipts to confirm delivery at Abouissa's residence.

24.     Zweifel will also attempt to serve Abouissa by First-Class Mail with Notice and Acknowledgment pursuant to Rule 4(c)(5).

25.     Therefore, in light of the foregoing, Zweifel respectfully requests that this Court extend the time for service of Defendant Sameh Abouissa by 30 days, until October 23, 2023.

Dated: September 21, 2023                    Respectfully submitted,

                                             _/s/ Anita Mazumdar Chambers_
                                             R. Scott Oswald, Esq.
                                             DC Bar No. 458859
                                             Anita Mazumdar Chambers, Esq.
                                             DC Bar No. 1046845
                                             The Employment Law Group, P.C.
                                             1717 K Street NW, Ste 1110
                                             Washington, DC 20006
                                             (202) 261-2821 / (202) 261-2835 (facsimile)
                                             soswald@employmentlawgroup.com
                                             achambers@employmentlawgroup.com
                                             *Counsel for the Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 21, 2023, a true and correct copy of the

foregoing was served via electronic mail to:

> David L. Greenspan, Esq.
> McGuireWoods LLP
> 1750 Tysons Boulevard
> Suite 1800
> Tysons, VA 22102-4215
> dgreenspan@mcguirewoods.com

> */s/ Anita Mazumdar Chambers*
> Anita Mazumdar Chambers

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | | |
|---|---|---|
| **DAPHNE ZWEIFEL,** | ) | |
| **Plaintiffs** | ) | |
| | ) | **Case No. 2023-CAB-4535** |
| **v.** | ) | |
| | ) | **Judge Neal E. Kravitz** |
| **MICROSOFT CORPORATION,** *et al.,* | ) | |
| **Defendants** | ) | |

### ORDER DENYING PLAINTIFF'S MOTION TO EXTEND TIME FOR SERVICE

The plaintiffs have filed a timely motion for an extension of time in which to effect and file proof of service of process on defendants Heidi Kobylski, Dan Coleman, and Sameh Abouissa.

Rule 4(m)(2) of the Superior Court Rules of Civil Procedure provides that a motion for an extension of time in which to effect and file proof of service "must set forth in detail the efforts that have been made, and will be made in the future, to obtain service." The plaintiffs' motion includes a detailed explanation of the efforts the plaintiffs have made to date to effect service on these defendants but, as to steps that will be taken in the future, states only that the plaintiff "will continue to make diligent efforts to execute service of process on Defendants Kobylski, Coleman, and Abouissa during the extended period [requested]." This general statement is not the type of "detailed explanation" required by the rule.

Accordingly, it is this 21st day of September 2023

**ORDERED** that the motion is **denied** without prejudice to its renewal in a manner consistent with the requirements of Rule 4(m)(2).

*Neal E. Kravitz*

_____
Neal E. Kravitz, Associate Judge
(Signed in Chambers)

<u>Copies to:</u>

R. Scott Oswald, Esq.
Anita M. Chambers, Esq.

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

|  |  |
|---|---|
| DAPHNE ZWEIFEL, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) Civil Action No.: 2023-CAB-004535 |
| | ) |
| MICROSOFT CORPORATION, *et al.,* | ) |
| | ) |
| *Defendants.* | ) |

## RENEWED MOTION TO EXTEND TIME FOR
## SERVICE OF DEFENDANT SAMEH ABOUISSA

Plaintiff Daphne Zweifel, by counsel, respectfully requests that this Court grant an extension of the time to serve Defendant Sameh Abouissa. In support thereof, Zweifel states as follows:

1.      Zweifel filed her Complaint with this Court on July 25, 2023.

2.      In accordance with Rule 4(m)(1)(A), the deadline for filing proofs of service showing that the Defendants were served with their summons, complaint, Initial Order, any addendum to that order, and any other order directed by the court to the parties at the time of filing is September 23, 2023.

3.      On or about August 3, 2023, prior to the service of the Complaint, the undersigned counsel conferred with Defendant Microsoft Corporation's ("Microsoft") counsel, David L. Greenspan, regarding Zweifel's Complaint.

4.      In an effort to fully exhaust settlement discussions, the parties agreed that Zweifel would not serve Defendants for several weeks to engage in these discussions.

5.      On September 15, 2023, Zweifel learned that Defendants Heidi Kobylski, Dan Coleman, and Sameh Abouissa were not represented by Microsoft's counsel at this time.

1

6.      On September 19, 2023, Zweifel filed a Motion to Extend Time for Service of Defendants Heidi Kobylski, Dan Coleman, and Sameh Abouissa.

7.      On September 21, 2023, this Court denied Zweifel's Motion to Extend Time for Service without prejudice.

8.      On September 21, 2023, Zweifel learned that Mr. Greenspan was now authorized to accept service on behalf of Defendants Heidi Kobylski and Dan Coleman. Zweifel then served Defendants Heidi Kobylski and Dan Coleman (through their counsel, Mr. Greenspan); Zweifel plans to file proofs of service with this Court prior to the deadline.

9.      As of the filing of this Renewed Motion, Zweifel still has not served Abouissa, and thus submits this renewed motion for an extension of time only as it relates to Abouissa.

10.     Since September 15, 2023, Zweifel has attempted to execute service of process upon Abouissa. However, Zweifel has not been able to successfully complete service upon Abouissa.

11.     On September 18, 2023, at approximately 3:15 PM, Zweifel, through a private process server, attempted to locate and serve Abouissa at his home residence in Aldie, Virginia. However, a man who identified himself as a temporary guest at Abouissa's home told the private process server that Abouissa was not home, and he was not certain when Abouissa would return. The private process server waited near Abouissa's home until 4:30 PM but did not see anybody enter or exit Abouissa's home during that time.

12.     On September 19, 2023, at approximately 12:30 PM, Zweifel, through a private process server, attempted to locate and serve Abouissa at his home residence in Aldie, Virginia. The private process server knocked on the door but got no response. The private process server observed the property for one hour, at which point he briefly left. The private process server

2

returned around 1:50 PM and noted that a trash can had been moved from the foot of the driveway to the top of the driveway near the garage. The private process server knocked on the door again several times but got no answer. The private process server knocked again at about 2:50 PM and noticed the man who identified himself as Abouissa's temporary guest exiting the garage. The private process server asked the man if Abouissa was home. The man denied that Abouissa was home and said he did not know when Abouissa would be home. The private process server returned to Abouissa's residence at approximately 8:00 PM. The private process server knocked on the front door and rang the door bell several times, but no one responded. The private process server noted that two vehicles were in the driveway, lights were on inside, and there were voices speaking inside the house.

13.     On September 19, 2023, Zweifel sent the Summons to Abouissa, Complaint, Initial Order, and Notice of Remote Initial Scheduling Conference to Defendant Sameh Abouissa by certified mail. Zweifel is waiting for the signed receipts confirming delivery by certified mail to be returned. However, in light of the foregoing, Zweifel believes Abouissa will not return a signed receipt.

14.     Rule 4(m)(2) states that the Court must extend time for service for an appropriate period if the plaintiff shows good cause.

15.     Good cause exists here, as Zweifel has shown that she has made diligent efforts to execute service of process upon Abouissa.

16.     Zweifel will continue to make diligent efforts to execute service of process upon Abouissa during the extended time period.

17.     Zweifel will continue to attempt to serve Abouissa personally, through a private process server, at his home in Aldie, Virginia. Zweifel will also attempt to serve Abouissa's

wife, who lives at the residence.

18.     The same private process server who has previously attempted to serve Abouissa will attempt to serve Abouissa personally at his home in Aldie, Virginia on September 21, 2023 in the afternoon.

19.     A second private process server will attempt to serve Abouissa at his home on September 22, 2023 in the morning. If this does not succeed, the first process server will attempt to serve Abouissa at his home on September 23, 25, and 26, 2023. If those attempts do not succeed, the second process server will attempt to serve Abouissa at his home on September 27 and 28, 2023.

20.     Both process servers will vary the times of day on each attempts. They will conduct surveillance and document their attempts. Both process servers will provide Zweifel with photos demonstrating vehicles in the driveway, lights on in Abouissa's home, etc.

21.     Zweifel believes that Abouissa has been home during each service attempt so far and is deliberately evading service.

22.     Zweifel has also attempted service of process upon Abouissa by certified mail in accordance with Rule 4(c)(4) and is waiting for the signed receipt to be returned.

23.     Zweifel will monitor the certified mailing receipts to confirm delivery at Abouissa's residence.

24.     Zweifel will also attempt to serve Abouissa by First-Class Mail with Notice and Acknowledgment pursuant to Rule 4(c)(5).

25.     Therefore, in light of the foregoing, Zweifel respectfully requests that this Court extend the time for service of Defendant Sameh Abouissa by 30 days, until October 23, 2023.

Dated: September 21, 2023                        Respectfully submitted,

                                                 */s/ Anita Mazumdar Chambers*
                                                 R. Scott Oswald, Esq.
                                                 DC Bar No. 458859
                                                 Anita Mazumdar Chambers, Esq.
                                                 DC Bar No. 1046845
                                                 The Employment Law Group, P.C.
                                                 1717 K Street NW, Ste 1110
                                                 Washington, DC 20006
                                                 (202) 261-2821 / (202) 261-2835 (facsimile)
                                                 soswald@employmentlawgroup.com
                                                 achambers@employmentlawgroup.com
                                                 *Counsel for the Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 21, 2023, a true and correct copy of the

foregoing was served via electronic mail to:

> David L. Greenspan, Esq.
> McGuireWoods LLP
> 1750 Tysons Boulevard
> Suite 1800
> Tysons, VA 22102-4215
> dgreenspan@mcguirewoods.com

*/s/ Anita Mazumdar Chambers*
Anita Mazumdar Chambers

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | |
|---|---|
| **DAPHNE ZWEIFEL,** | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) **Civil Action No.: 2023-CAB-004535** |
| | ) |
| **MICROSOFT CORPORATION,** *et al.,* | ) |
| | ) |
| *Defendants.* | ) |
| | ) |

**[PROPOSED] ORDER GRANTING RENEWED MOTION TO EXTEND TIME FOR**
**SERVICE OF DEFENDANT SAMEH ABOUISSA**

Upon consideration of Plaintiff Daphne Zweifel's Renewed Motion to Extend Time for

Service of Defendant Sameh Abouissa, and the entire record herein, it is by the Court this

_____ day of September, 2023,

**ORDERED** that the Motion be, and hereby is, **GRANTED**; and it is further

**ORDERED** that the time for service of Defendant Sameh Abouissa shall be extended by

thirty (30) days until October 23, 2023.


_____
Neal E. Kravitz, Associate Judge
D.C. Superior Court

1

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| **DAPHNE ZWEIFEL,** | ) | |
| **Plaintiff** | ) | |
| | ) | **Case No. 2023-CAB-4535** |
| **v.** | ) | |
| | ) | **Judge Neal E. Kravitz** |
| **MICROSOFT CORPORATION,** *et al.,* | ) | |
| **Defendants** | ) | |

**ORDER GRANTING PLAINTIFF'S RENEWED MOTION TO EXTEND**
**TIME FOR SERVICE**

The plaintiff has filed a renewed motion for an extension of time in which to effect and file proof of service of process on defendant Sameh Abouissa.[1]  The plaintiff has cured the defect in her earlier motion by setting in forth detail not only the efforts that have been made so far to serve defendant Abouissa but also the efforts that will be made in the future to do so.  The motion thus fully satisfies the requirements of Rule 4(m)(2) of the Superior Court Rules of Civil Procedure.

Accordingly, it is this 22nd day of September 2023

**ORDERED** that the motion is **granted**.  It is further

**ORDERED** that the plaintiff has until October 23, 2023 to file an affidavit establishing that she has effected service of process on defendant Sameh Abouissa.  It is further

**ORDERED** that a copy of this order shall be served on the defendant along with the other materials required by Rule 4(c)(1) of the Superior Court Rules of Civil Procedure.  *See* Super. Ct. Civ. R. 4(m)(3).  It is further

**ORDERED** that the initial scheduling conference currently set for October 27, 2023 is continued to December 1, 2023 at 9:30 a.m.

---

[1]  The plaintiff no longer seeks an extension of time in which to serve defendants Heidi Kobylski and Dan Coleman, stating that the lawyer for defendant Microsoft Corporation has accepted service on their behalf.

_____
Neal E. Kravitz, Associate Judge
(Signed in Chambers)

Copies to:

R. Scott Oswald, Esq.
Anita M. Chambers, Esq.

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | |
|---|---|
| **DAPHNE ZWEIFEL,** | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) **Civil Action No.: 2023-CAB-004535** |
| | ) |
| **MICROSOFT CORPORATION,** *et al.,* | ) |
| | ) |
| *Defendants.* | ) |
| | ) |

**NOTICE OF WITHDRAWAL OF RENEWED MOTION TO**
**EXTEND TIME FOR SERVICE OF DEFENDANT SAMEH ABOUISSA**

PLEASE TAKE NOTICE THAT Plaintiff Daphne Zweifel, hereby withdraws her

RENEWED MOTION TO EXTEND TIME FOR SERVICE OF DEFENDANT SAMEH

ABOUISSA, filed September 21, 2023.


Dated: September 22, 2023                Respectfully submitted,

                                         */s/ Anita Mazumdar Chambers*
                                         R. Scott Oswald (DC Bar No. 458859)
                                         Anita Mazumdar Chambers (DC Bar No. 1046845)
                                         The Employment Law Group, P.C.
                                         1717 K Street NW, Ste 1110
                                         Washington, DC 20006
                                         (202) 261-2821 / (202) 261-2835 (facsimile)
                                         soswald@employmentlawgroup.com
                                         achambers@employmentlawgroup.com
                                         *Counsel for the Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on September 22, 2023, a true and correct copy of the

foregoing was served via electronic mail to:

       David L. Greenspan, Esq.
       McGuireWoods LLP
       1750 Tysons Boulevard
       Suite 1800
       Tysons, VA 22102-4215
       dgreenspan@mcguirewoods.com


                                     */s/ Anita Mazumdar Chambers*
                                     Anita Mazumdar Chambers